No.  04-3027
File Name:  05a0492n.06
Filed:  June 10, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DRITAN PECAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | On Appeal from the Immigration |
| | ) | and Naturalization Service |
| ALBERTO R. GONZALES, Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before:  MARTIN and ROGERS, Circuit Judges; FORESTER, Chief District Judge.[*]

Dritan Pecaj, a native and citizen of Albania, petitions for review of a Board of Immigration Appeals order that affirmed an Immigration Judge's decision that denied his application for asylum or for withholding of removal.  The parties have waived oral argument in this case.  Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Pecaj entered the United States in 2000 without being admitted or paroled after inspection. The Immigration and Naturalization Service issued a notice to appear charging petitioner with being subject to removal because of inadmissibility.  Pecaj conceded removability, but requested asylum. The Immigration Judge conducted a hearing on May 15, 2002, after which the Immigration Judge issued an oral decision in which he denied the application for asylum and ordered Pecaj's removal to Albania.  Pecaj appealed the decision, and the Board of Immigration Appeals affirmed the Immigration Judge's decision in a per curiam order.  This timely petition for review followed.

_____

[*]The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Before this court, Pecaj contends that: (1) the Board of Immigration Appeals failed to provide a reasoned analysis of the legal basis for its decision and individual consideration of the Immigration Judge's decision in this case; and (2) the Board of Immigration Appeals and Immigration Judge erred in finding that he did not meet his burden of proof and therefore lacked credibility. The government responds that Pecaj's claims on appeal lack merit. Pecaj has also filed a motion for leave to proceed in forma pauperis on appeal. Upon consideration, we grant Pecaj pauper status, and deny the petition for review.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998). A petition for review may be granted only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 484 (1992). An Immigration Judge's credibility determination is an administrative finding of fact, which must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *accord Elias-Zacarias*, 502 U.S. at 483-84; *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004). Here, the evidence supports the Immigration Judge's and the Board's decisions.

The resolution of an asylum request involves a two-part inquiry. *Mikhailevitch*, 146 F.3d at 389. Petitioners must show not only that they are refugees, but also that their application merits a favorable exercise of administrative discretion. *See id*. A "refugee" is defined as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *accord Elias-Zacarias*, 502 U.S. at 481. A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001). Again, a determination that a petitioner's testimony lacked credibility must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *accord Elias-Zacarias*, 502 U.S. at 483-84; *Yu*, 364 F.3d at 703. An asylum

application is also treated as an application for the withholding of removal. *Mikhailevitch*, 146 F.3d at 391. However, the burden of proving eligibility for asylum is less than the burden of proving entitlement to withholding, and ineligibility for asylum also shows ineligibility for the withholding of removal. *See id.*

Here, Pecaj contends that he was persecuted in Albania for his political activities and beliefs. Pecaj testified in support of his application that he refused a recruitment offer to join the Albanian secret police in 1997. Pecaj testified that he subsequently had confrontations with the secret police, first after he and his uncle spoke about police corruption at a Democratic Party meeting in early 1998. Pecaj testified that he was attacked by two masked men in a police van two days after the meeting, then was subpoenaed to police headquarters two weeks later where he was held, beaten, tortured and questioned for approximately four weeks until Pecaj gave police the names of three people with information about police corruption, including his uncle. In addition, Pecaj testified that he was detained with his cousin and others for four days and was slapped during police questioning after he participated in a demonstration following the assassination of a Democratic Party leader later in 1998. Pecaj testified that he and others were kicked and slapped as they were released from police custody. Finally, Pecaj testified that he left Albania after his uncle died from injuries suffered from a beating after the uncle had been summoned to the office of the secret police in February 1999.

The Immigration Judge accurately recounted Pecaj's testimony, but found that Pecaj was not credible. The Immigration Judge concluded that Pecaj's testimony was inconsistent in material respects with his application. Pecaj's testimony lacked detail in significant parts, but was much more detailed than his application for asylum in other significant parts. First, the Immigration Judge noted that Pecaj did not detail in his application the torture he suffered during his four-week detention, yet his testimony about his treatment was very detailed. On the other hand, Pecaj testified only that he was slapped during his subsequent four-day detention, but represented in his application that he and his cousin were severely beaten during this time. Pecaj also did not explain to the satisfaction of the Immigration Judge why police came to his cousin's house following the late 1998

demonstration. Although Pecaj disagrees with the Immigration Judge's credibility determination, the evidence is not so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *See Elias-Zacarias*, 502 U.S. at 481, 484. Further, the Immigration Judge noted that Pecaj's application would fail even absent the negative credibility finding because Pecaj failed to provide available corroborating or supporting evidence. Review of the record reflects that the evidence would not compel a reasonable factfinder to find the requisite fear of persecution; therefore, the petition for review of the decision of the Board of Immigration Appeals must be denied.

Finally, Pecaj's contention that the Board of Immigration Appeals failed to provide a reasoned legal basis for its decision lacks merit. Specifically, the Board agreed with the Immigration Judge that Pecaj failed to meet his burden of proof, and held that Pecaj failed to provide or attempt to provide corroborating evidence available to him. Under the circumstances of this case, the Board's explanation of its decision is adequate to facilitate review of the decision. *See Gjyzi v. Ashcroft*, 386 F.3d 710, 716 (6th Cir. 2004).

For the foregoing reasons, the motion for pauper status is granted, and the petition for review is denied.